## CHALMERS KNITTING CO. v. COLUMBIA MESH KNITTING CO.

(Circuit Court, S. D. New York.   May 11, 1908.)

TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—"POROSKNIT" AS TRADE-MARK FOR UNDERWEAR.

The word "Porosknit," as a trade-mark for underwear, if valid, must be regarded as not descriptive, but as an arbitrary word, having no meaning as applied to such goods, and as such is not infringed by the words "Porous Underwear," stamped on underwear in letters of different style and color.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 71, 72.]

In Equity.   On motion for preliminary injunction.   Suit to restrain infringement of complainant's trade-mark, "Porosknit," for underwear, registered in the United States Patent Office January 2, 1906, numbered 48,473.   Both complainant and defendant are corporations organized under the laws of the state of New York, and are citizens of said state.

Frank C. Curtis, for complainant.
Edmonds & Peck (Philip C. Peck, of counsel), for defendant.

HOUGH, District Judge.   There is obviously no jurisdiction in this case (even upon complainant's contention), unless it be held that the trade-mark in question is valid and has been infringed.   I do not mean to assent to the proposition that to a trade-mark case between citizens and residents of the same state a case of unfair competition can be annexed, but it is not necessary to decide that matter here.

Let it be assumed that the word "Porosknit," written in script and printed in black, is a valid trade-mark as applied to underwear of cotton, wool, silk, or linen.   Having made this assumption, I do not think that the words "Porous Underwear," printed in red Roman letters upon undergarments, are a violation of that technical trade-mark.   It is true that the words "Porosknit" and "Porous Underwear" are both applied to undergarments; but such garments are staple articles and may be manufactured by any one.   It is also true that they are applied to undergarments composed of material woven or knit in a peculiar way.   So far as the evidence in this case is concerned, any one is at liberty to manufacture such garments in this manner; and, indeed, it is matter of common knowledge that underwear containing very numerous regularly arranged holes for ventilating purposes has been offered for sale for many years past.   It may be true that the particular method of producing interstices practiced by complainant is covered by a patent, but that fact is not pertinent to this litigation.

If the basis of complainant's contention (apart from unfair competition) be examined, it is plain that he conceives any use of the word "Porous" (whether correctly or incorrectly spelled), in connection with underwear, to be an infringement of his trade-mark. It may be true that he has so appropriated this word to his own use, so identified it with his own goods and given it by advertising such value, as to have acquired therein a property right that could be protected by law; but this is not the court which can grant him protection against a fellow citizen of New York. But as soon as complainant stands on the proposition that "Porous," as descriptive of underwear, is an infringement of "Porosknit" as a trade-mark for underwear, he has in my opinion come very near invalidating his own trade-mark; for "porous" is to be regarded either as a descriptive word (on which ground registration was refused to porous plasters—Re Brandreth, Seb. Dig. 626; cf. Cellular Clothing Co. v. Maxton, L. R. [1899] Appeal Cases, 326), or it is, as applied to the underwear of either complainant's or defendant's make, a false and untruthful word, for none of these undershirts produced contain pores—i. e., minute perforations, invisible to the naked eye, such as the pores of the skin.

It follows, therefore, that if the trade-mark "Porosknit" be regarded as a merely arbitrary or invented word, which has "either no meaning at all or no meaning in relation to the goods which it denotes" (Cellular Clothing Co. v. Maxton, L. R. [1899] Appeal Cases, 333), there is no infringement; while, if it be considered as denoting the style, kind, or quality of article manufactured, the registered trademark is invalid.

The motion for preliminary injunction is denied; but, unless complainant feels that all three questions argued at bar, viz., jurisdiction, validity, and infringement, are shown in this record as fully as he will be able to show them, I shall not dismiss the bill. In other words, if the complainant elects to take a speedy review of this decision on the record as it stands, he may do so; but defendant's motion to dismiss the bill is denied.